B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Zizzo, Christina M.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Christina Marjie Zizzo; AKA Christina Zizzo** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-8267** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**7459 S. 86th Avenue<br>Apartment #1<br>Justice, IL**   ZIP Code **60458-1085** | Street Address of Joint Debtor (No. and Street, City, and State):   ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):   ZIP Code | Mailing Address of Joint Debtor (if different from street address):   ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization) (Check one box)<br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>□ Corporation (includes LLC and LLP)<br>□ Partnership<br>□ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | Nature of Business<br>(Check one box)<br>□ Health Care Business<br>□ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>□ Railroad<br>□ Stockbroker<br>□ Commodity Broker<br>□ Clearing Bank<br>□ Other | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box)<br>■ Chapter 7<br>□ Chapter 9    □ Chapter 15 Petition for Recognition<br>□ Chapter 11        of a Foreign Main Proceeding<br>□ Chapter 12<br>□ Chapter 13    □ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
|---|---|---|

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable)<br>□ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>■ Debts are primarily consumer debts,     □ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as         business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |
|---|---|---|

| Filing Fee (Check one box)<br>□ Full Filing Fee attached<br><br>■ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>□ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>□ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>□ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>□ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>□ A plan is being filed with this petition.<br>□ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**   *** J. Kevin Benjamin, Esq. ***<br>□ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ■ | □ | □ | □ | □ | □ | □ | □ | □ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ■ | □ | □ | □ | □ | □ | □ | □ | □ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)  Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Zizzo, Christina M.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** **/s/ J. Kevin Benjamin, Esq.**      **November  8, 2013** |
| | Signature of Attorney for Debtor(s)            (Date) |
| | **J. Kevin Benjamin, Esq.** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                             Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Zizzo, Christina M.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Christina M. Zizzo**
Signature of Debtor  **Christina M. Zizzo**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**November  8, 2013**
Date

### Signature of Attorney*

X **/s/ J. Kevin Benjamin, Esq.**
Signature of Attorney for Debtor(s)

**J. Kevin Benjamin, Esq.**
Printed Name of Attorney for Debtor(s)

**Benjamin Brand, LLP**
Firm Name

**1016 W. Jackson Boulevard**
**Chicago, IL 60607-2914**

_____
Address

**(877) 800-3313  Fax: (877) 414-2071**
Telephone Number

**November  8, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Christina M. Zizzo**                                   Case No. _____

                                   Debtor(s)        Chapter   **7**   _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                              Page 2

□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Christina M. Zizzo**
                       **Christina M. Zizzo**

Date:   **November  8, 2013**

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Christina M. Zizzo**

Case No. _____

,

Debtor

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 2,293.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 30,164.69 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 627.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 695.00 |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 2,293.00 | | |
| Total Liabilities | | | | 30,164.69 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court

## Northern District of Illinois

In re    **Christina M. Zizzo**                                                               ,    Case No. _____

Debtor

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 627.00 |
| Average Expenses (from Schedule J, Line 18) | 695.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 634.50 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 30,164.69 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 30,164.69 |

B6A (Official Form 6A) (12/07)

.

In re   **Christina M. Zizzo**                                        ,   Case No. _____
_____
                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | - | 0.00 | 0.00 |

|  | Sub-Total > | 0.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 0.00 | |

___0___ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re __Christina M. Zizzo_____ ,   Case No. _____

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | - | 318.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **None** | - | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **None** | - | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **A TV, DVD Player, VHS player, Kitchen table and a few chairs, Telephone and a Cellular Phone and perhaps a few misc items** | - | 650.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Some family pictures, DVD's, a few tapes and books** | - | 50.00 |
| 6. Wearing apparel. | | **Clothing for One Adult and One Child** | - | 775.00 |
| 7. Furs and jewelry. | | **Some costume jewelry pieces** | - | 500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >       2,293.00
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re    **Christina M. Zizzo**                                              ,    Case No. _____
                                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Christina M. Zizzo**                                              ,        Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >          **0.00**
(Total of this page)

Total >          **2,293.00**

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6C (Official Form 6C) (4/13)

.

In re   **Christina M. Zizzo**                                    ,        Case No. _____
                              Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash** | **735 ILCS 5/12-1001(b)** | **318.00** | **318.00** |
| **Household Goods and Furnishings** | | | |
| **A TV, DVD Player, VHS player, Kitchen table and a few chairs, Telephone and a Cellular Phone and perhaps a few misc items** | **735 ILCS 5/12-1001(b)** | **650.00** | **650.00** |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Some family pictures, DVD's, a few tapes and books** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |
| **Wearing Apparel** | | | |
| **Clothing for One Adult and One Child** | **735 ILCS 5/12-1001(a)** | **775.00** | **775.00** |
| **Furs and Jewelry** | | | |
| **Some costume jewelry pieces** | **735 ILCS 5/12-1001(b)** | **500.00** | **500.00** |
| | Total: | **2,293.00** | **2,293.00** |

  __0__  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re   **Christina M. Zizzo**
_____,   Case No. _____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

__0__ continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | | |
| Total (Report on Summary of Schedules) | **0.00** | **0.00** |

B6E (Official Form 6E) (4/13)

In re **Christina M. Zizzo**                                                                 , Case No. _____

                                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                    __0__  continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Christina M. Zizzo**                                        ,   Case No. _____
                                   Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. YT543192<br><br>**Creditor #: 1**<br>**Arnold Scott Harris, P.C.**<br>**111 West Jackson Boulevard**<br>**Suite 600**<br>**Chicago, IL 60604** | | - | | | **Collecting for Cook County Circuit Court** | | | | 325.00 |
| Account No.<br><br>**Creditor #: 2**<br>**Ballys Total Fitness**<br>**10201 S Cicero Avenue**<br>**Oak Lawn, IL 60453** | | - | | | | | | | 500.00 |
| Account No.<br><br>**Creditor #: 3**<br>**Charter Fitness of Bridgeview**<br>**8751 S. Harlem Avenue**<br>**Bridgeview, IL 60455** | | - | | | **Membership Fees** | | | | 60.00 |
| Account No. 11195259<br><br>**Creditor #: 4**<br>**Choice Recovery**<br>**1550 Old Henderson Rd St**<br>**Columbus, OH 43220** | | - | | | **Opened  3/01/10**<br>**Collection Attorney Cardiovascular Physicians** | | | | 25.00 |

___7___   continuation sheets attached

Subtotal
(Total of this page)     910.00

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com      S/N:38236-131106   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Christina M. Zizzo**                                                ,      Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **5060596590 - Notice Number** <br><br> **Creditor #: 5** <br> **City of Chicago** <br> **Department of Revenue** <br> **PO Box 88292** <br> **Chicago, IL 60680-1292** | | - | | **5/1/2008** <br> **IL License Plate:  5960698, Previous IL License Plate:  L225219,** <br> **Ticket Number 0054530151** | | | | **950.00** |
| Account No. **5060596590 - Notice Number** <br><br> **Creditor #: 6** <br> **City of Chicago** <br> **Department of Revenue** <br> **PO Box 88292** <br> **Chicago, IL 60680-1292** | | - | | **5/1/2008** <br> **IL License Plate:  5960698, Previous IL License Plate:  L225219,** <br> **Ticket Numbers:  0054392684, 0054530151, 0054547526, 0054547527, 0054393364, and 0054530155** <br> **00475968991, 00543992684** | | | | **375.00** |
| Account No. **5060596590 - Notice Number** <br><br> **Creditor #: 7** <br> **City of Chicago** <br> **Department of Revenue** <br> **PO Box 88292** <br> **Chicago, IL 60680-1292** | | - | | **6/12/2008** <br> **IL License Plate:  5960698, Previous IL License Plate:  L225219,** <br> **Ticket Numbers: 0054392684,  0054547526, 0054547527, 0054393364, 0047596891, and 7001049474** | | | | **950.00** |
| Account No. **5060596590 - Notice Number** <br><br> **Creditor #: 8** <br> **City of Chicago** <br> **Department of Revenue** <br> **PO Box 88292** <br> **Chicago, IL 60680-1292** | | - | | **3/20/2008** <br> **IL License Plate:  5960698, Previous IL License Plate:  L225219,** <br> **Ticket Numbers: 7001049474, and 0047596891.** | | | | **200.00** |
| Account No. **Citatation 6695661** <br><br> **Creditor #: 9** <br> **City of Chicago Dept of Law** <br> **8212 Innovation Way** <br> **Chicago, IL 60682-0082** | | - | | **11/26/2011** <br> **Docket Number 11VP013554** <br> **Judgment entered June 11, 2012** | | | | **3,170.00** |

Sheet no. __**1**___ of __**7**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                             **5,645.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Christina M. Zizzo**                                                   ,         Case No. _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. YT543192<br><br>**Creditor #: 10**<br>**Clerk of the Circuit Cout**<br>**10220 S. 76th Avenue**<br>**Bridgeview, IL 60455** | - | | **Drive on a suspended or revoked license**<br>**Ticket Number YT543192**<br>**Violation Date 11/18/2011 Case Number**<br>**2011-11-22-11.39.27.352074** | | | | 325.00 |
| Account No. 05C550656-01<br><br>**Creditor #: 11**<br>**Clerk of the Circuit Cout**<br>**10220 S. 76th Avenue**<br>**Bridgeview, IL 60455** | - | | **Probation** | | | | 1,200.00 |
| Account No. 8771 20 128 0078662<br><br>**Creditor #: 12**<br>**Comcast Cable**<br>**POB 3001**<br>**Southeastern, PA 19398-3001** | - | | **Cable Bill** | | | | 625.16 |
| Account No.<br><br>**Comcast Cable**<br>**POB 3001**<br>**Southeastern, PA 19398-3001** | | | **Representing:**<br>**Comcast Cable** | | | | **Notice Only** |
| Account No. A08336E54270<br><br>**Creditor #: 13**<br>**Dependon Collection Se**<br>**Attn: Bankruptcy**<br>**Po Box 4833**<br>**Oak Brook, IL 60523** | - | | **Opened 11/01/10**<br>**Collection Attorney Chicago Ridge Fire Department** | | | | 598.00 |

Sheet no. __2__ of __7__ sheets attached to Schedule of                                  Subtotal                | 2,748.16 |
Creditors Holding Unsecured Nonpriority Claims                                      (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re  __Christina M. Zizzo_____,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br> **Creditor #: 14** <br> **Harris & Harris, Ltd.** <br> **222 Merchandise Mart Plaza** <br> **Suite 1900** <br> **Chicago, IL 60654** | - | | **Collection for City of Chicago Medical Services (Mt. Sinai Hospital)** | | | | 764.00 |
| Account No. **06916** <br> **Creditor #: 15** <br> **John F. Kozal, D.D.S.** <br> **7336 West Archer Avenue** <br> **Summit Argo, IL 60501** | - | | **Dental Bill** | | | | 502.84 |
| Account No. **9345** <br> **Creditor #: 16** <br> **LA Fitness** <br> **8812 South Cicero Avenue** <br> **Oak Lawn, IL 60453** | - | | **05/13/2013** <br> **Health Club membership dues** <br> **Agreement Number 020600911** <br> **Club Number 0206** | | | | 543.85 |
| Account No. <br> **Creditor #: 17** <br> **Loyola University Health System** <br> **Loyola Outpatient Center** <br> **Maywood, IL 60153** | - | | **5/08/2008** <br> **Medical Bill** <br> **Hand Surgery Dr. Michael Salvino, MD.** | | | | 300.00 |
| Account No. **8103622754** <br> **Creditor #: 18** <br> **Merchants Cr** <br> **223 W. Jackson Blvd.** <br> **Suite 400** <br> **Chicago, IL 60606** | - | | **Opened 12/01/10** <br> **Collection Attorney Metropolitan Advanced Radiolog** | | | | 133.00 |

Sheet no. __3___ of __7___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,243.69

B6F (Official Form 6F) (12/07) - Cont.

In re   **Christina M. Zizzo**                                      ,        Case No. _____

_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **000137706800** | | | **Medical Bill** | | | | |
| **Creditor #: 19**<br>**Mount Sinai Hospital**<br>**1500 S Fairfield Ave**<br>**Chicago, IL 60608** | - | | | | | | **1,750.00** |
| Account No. | | | | | | | |
| **Mount Sinai Hospital**<br>**1500 S California Avenue**<br>**Chicago, IL 60608** | | | **Representing:**<br>**Mount Sinai Hospital** | | | | **Notice Only** |
| Account No. **000136593498** | | | **Medical Bill** | | | | |
| **Creditor #: 20**<br>**Mount Sinai Hospital**<br>**1500 S Fairfield Ave**<br>**Chicago, IL 60608** | - | | | | | | **2,500.00** |
| Account No. | | | | | | | |
| **Mount Sinai Hospital**<br>**1500 S California Avenue**<br>**Chicago, IL 60608** | | | **Representing:**<br>**Mount Sinai Hospital** | | | | **Notice Only** |
| Account No. **000136593498** | | | **06/02/2010 - 06/03/2010**<br>**Medical Bill** | | | | |
| **Creditor #: 21**<br>**Mount Sinai Hospital**<br>**1500 S California Avenue**<br>**Chicago, IL 60608** | - | | | | | | **4,314.31** |

Sheet no. __4__ of __7__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **8,564.31**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Christina M. Zizzo**                                    , Case No. _____
                                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **000137706800**<br><br>**Creditor #: 22**<br>**Mount Sinai Hospital**<br>**1500 S California Avenue**<br>**Chicago, IL 60608** | - | | **08/27/2010**<br>**Medical Bill** | | | | **996.00** |
| Account No.<br><br>**Creditor #: 23**<br>**Patricia Lang**<br>**6660 N. Octavia**<br>**Chicago, IL 60631** | - | | **around 2 years ago**<br>**car accident, potential property damage or personal injury claim. Debtor denies any potentail liability. Notice Purposes Only.** | X | X | X | **Unknown** |
| Account No. **120001812744**<br><br>**Creditor #: 24**<br>**Revenue Enterprises LLC**<br>**3131 S Vaughn Way Ste 426**<br>**Aurora, CO 80014** | | | **Opened  6/01/10**<br>**Collection Attorney Macneal Hospital** | | | | **1,673.00** |
| Account No. **D96359121N1**<br><br>**Creditor #: 25**<br>**Staniscccontr**<br>**914 14th St**<br>**Modesto, CA 95353** | - | | **Med1 02 Cepamerica** | | | | **306.00** |
| Account No. **2955496**<br><br>**Creditor #: 26**<br>**Stuart Allan & Associates, Inc.**<br>**5447 E. 5th Street**<br>**Suite 110**<br>**Tucson, AZ 85711** | - | | **11/18/2011**<br>**Farmers Insurance Subrogration Claim** | | | | **200.00** |

Sheet no. __5__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **3,175.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Christina M. Zizzo** _____,   Case No. _____
                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 2955495 <br><br> Creditor #: 27 <br> Stuart Allan & Associates, Inc. <br> 5447 E. 5th Street <br> Suite 110 <br> Tucson, AZ 85711 | - | | 11/18/2011 <br> Farmers Insurance Subrogration Claim | | | | 1,876.71 |
| Account No. C0004-096945 <br><br> Creditor #: 28 <br> Talan & Ktsanes <br> 223 West Jackson Boulevard <br> Chicago, IL 60606 | - | | Representing the City of Chicago in Case Number:  11VP013554 <br> Judgment | | | | 2,916.82 |
| Account No. 11VP013554 <br><br> City of Chicago Dept of Law <br> 8212 Innovation Way <br> Chicago, IL 60682-0082 | | | Representing: <br> Talan & Ktsanes | | | | Notice Only |
| Account No. 11VP013554 <br><br> City of Chicago Dept of Revenue <br> Administration Hearings Collections <br> 121 N. LaSalle Street, Suite 107A <br> Chicago, IL 60602 | | | Representing: <br> Talan & Ktsanes | | | | Notice Only |
| Account No. 22789939 <br><br> Creditor #: 29 <br> United Collect Bur Inc <br> 5620 Southwyck Blvd Ste <br> Toledo, OH 43614 | - | | Opened  8/01/08 <br> Collection Attorney Macneal Emergency Phys Llp | | | | 235.00 |

Sheet no. __6__ of __7__ sheets attached to Schedule of                    Subtotal                    5,028.53
Creditors Holding Unsecured Nonpriority Claims                    (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Christina M. Zizzo**                                          ,      Case No. _____
_____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Health Club Membership dues | | | | |
| **Creditor #: 30** **Xsport Fitness** **3940 S. Harlem Avenue** **Lyons, IL 60534** | - | | | | | | | **1,850.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __7__ of __7__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **1,850.00** |
| | Total (Report on Summary of Schedules) | **30,164.69** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re    **Christina M. Zizzo**                                                        ,      Case No. _____
                                            Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Sprint Spectrum**<br>**115 N. La Grange Road**<br>**La Grange, IL 60525** | **Cell Phone Service** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re   **Christina M. Zizzo**                                   ,     Case No. _____

                                       Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **Christina M. Zizzo** _____   Case No. _____
                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):  **Son** | AGE(S):  **2** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **0.00** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **0.00** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **0.00** | $ | **N/A** |
|    b. Insurance | $ | **0.00** | $ | **N/A** |
|    c. Union dues | $ | **0.00** | $ | **N/A** |
|    d. Other (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **0.00** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **0.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income (Specify): **Public Aid Cash Assistance** | $ | **318.00** | $ | **N/A** |
| **Food Stamps** | $ | **309.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **627.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **627.00** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | **627.00** |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
      **Yes, hope to find employment**

B6J (Official Form 6J) (12/07)

In re **Christina M. Zizzo** _____   Case No. _____
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 100.00 |
| a. Are real estate taxes included? | Yes ___   No **X** | |
| b. Is property insurance included? | Yes ___   No **X** | |
| 2. Utilities:   a. Electricity and heating fuel | | $ 30.00 |
| b. Water and sewer | | $ 0.00 |
| c. Telephone | | $ 60.00 |
| d. Other _____ | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 20.00 |
| 4. Food | | $ 250.00 |
| 5. Clothing | | $ 40.00 |
| 6. Laundry and dry cleaning | | $ 25.00 |
| 7. Medical and dental expenses | | $ 20.00 |
| 8. Transportation (not including car payments) | | $ 100.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 50.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 0.00 |
| b. Life | | $ 0.00 |
| c. Health | | $ 0.00 |
| d. Auto | | $ 0.00 |
| e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 0.00 |
| b. Other _____ | | $ 0.00 |
| c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other _____ | | $ 0.00 |
| Other _____ | | $ 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)      $ 695.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**None** _____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ 627.00 |
| b. | Average monthly expenses from Line 18 above | $ 695.00 |
| c. | Monthly net income (a. minus b.) | $ -68.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Christina M. Zizzo**                                          Case No. _____
                                    Debtor(s)          Chapter    **7**


# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR


      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **21**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date  **November  8, 2013**                    Signature    **/s/ Christina M. Zizzo**
                                                            **Christina M. Zizzo**
                                                            Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Christina M. Zizzo**                  Case No.

                            Debtor(s)          Chapter    **7**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       AMOUNT                SOURCE

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $3,250.00 | 2013 YTD: Public Aid |
| $3,816.00 | 2012: Public Aid |
| $3,816.00 | 2011: Public Aid |
| $3,400.00 | 2013 YTD: Food Stamps |

B7 (Official Form 7) (04/13)                                                                                                  2

| AMOUNT | SOURCE |
|---|---|
| **$3,888.00** | **2012: Food Stamps** |
| **$3,888.00** | **2011: Food Stamps** |
| **$3,300.00** | **2013 YTD: Public Assistance** |
| **$3,816.00** | **2012: Public Assistance** |
| **$3,816.00** | **2011: Public Assistance** |

---

**3. Payments to creditors**

None     ***Complete a. or b., as appropriate, and c.***
■

a.     *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None     b.     *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days**
■     immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None     c.     *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of
■     creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None     a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐     this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **05C550656-01** **Adult Probation Department re. Christina Zizzo** | **Probation** | **Clerk of the Circuit Court** **10220 S. 76th Avenue** **Bridgeview, Illinois 60455** | **$50 per month on $1200 fine** |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)                                                                                                              3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **The People of the State of Illinois v. Christina Zizzo**<br><br>**Case Number YT543192** | **DUI - $20,000 Bond - arrested 11/26/2011** | **The Circuit Court of Cook County, Illinois Municipal District No. 4 Room 101** | **Order of 8/15/2012 by Judge Geary W. Kull - Terminatd 2/13/2013 6 months conditional discharge, $250 fine and 60 hours of Community Service** |
| **People of the State of Illinois v. Christina Rizz0**<br><br>**3 counts Count - DUI - Case Number 11CR-21440 Charge ID Codes:  0014716, 0014717 and 0014718** | **Aggravated Driving Under the Influence** | **Criminal Court** | **Fined** |
| **City of Chicago v. Christina M. Zizzo Doc No.: 11VP013554** | | **City of Chicago, Illinois Department of Administrative Hearings** | **motion to set aside default was set for September 24, 2013. Amount Due was $3,170.00 entered 6/11/2012** |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **City of Chicago Dept of Law 8212 Innovation Way Chicago, IL 60682-0082** | **around August 2013** | **Impounded Debtors former motor vehihcle, a 1997 Ford Expedition currently with around 140,000 miles in fair to poor condition. Debtor believes the car was junked and destroyed. VIN#:  1FMEU18W3VLB91116 - 4 door Wagon Sport Utility**<br><br>**Previous IL License Plate:  L225219 then Illinois License Plate became L 764524.**<br><br>**The Title number wasX1179694620 Registered 6/24/2011 and Title Date was 6/28/2011** |

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                                  Best Case Bankruptcy

B7 (Official Form 7) (04/13)                                                                                          4

---

**6. Assignments and receiverships**

None
■        a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
         this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
         joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■        b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
         preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
         property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
         filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None
■        List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
         and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
         aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
         either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None
■        List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or
         since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
         spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐        List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
         concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
         preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Start Fresh Today**<br>**3511 W. Commercial Blvd.**<br>**Suite 401**<br>**Fort Lauderdale, FL 33309** | **Around October 14, 2013** | **around $40.00** |
| **Benjamin Brand, LLP.**<br>**1016 W. Jackson Boulevard**<br>**Chicago, IL 60607-2914** | **None - Pro Bono Representation** | **None - Pro Bono Representation** |

B7 (Official Form 7) (04/13)                                                                                                           5

---

**10.  Other transfers**

None
■
a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■
b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12.  Safe deposit boxes**

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                                                6

---

### 15.  Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **7502 W. 57th Place**<br>**Summit Argo, Illinois  60501-1311** | **Christina Zizzo** | **12/1999-10/2013** |
| **PO Box 8460**<br>**Melrose Park, Illinois  60161-8460** | **Christina Zizzo** | **3/2009-7/2013** |
| **7429 S. 86th Avenue**<br>**Justice, Illinois  60458-1135** | **Christina Zizzo** | **4/2011 - 5/2012** |

---

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

B7 (Official Form 7) (04/13)                                                                                                          7

---

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

B7 (Official Form 7) (04/13)                                                                                                          8

---

**20. Inventories**

None
■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                            (Specify cost, market or other basis)

None
■  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                              NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                              RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                    NATURE OF INTEREST                    PERCENTAGE OF INTEREST

None
■  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE                    NATURE AND PERCENTAGE
                                                            OF STOCK OWNERSHIP

---

**22 . Former partners, officers, directors and shareholders**

None
■  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                              ADDRESS                              DATE OF WITHDRAWAL

None
■  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                    DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,                    DATE AND PURPOSE                    AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR           OF WITHDRAWAL                      OR DESCRIPTION AND
                                                                   VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**

None
■  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                              TAXPAYER IDENTIFICATION NUMBER (EIN)

---

B7 (Official Form 7) (04/13)                                                                                                9

**25. Pension Funds.**

None    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
■    employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                   TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

B7 (Official Form 7) (04/13)                                                                                                          10

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **November  8, 2013**                          Signature    **/s/ Christina M. Zizzo**

                                                                                **Christina M. Zizzo**
                                                                                Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Christina M. Zizzo** _____   Case No. _____
                                                  Debtor(s)                    Chapter   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**-NONE-** | **Describe Property Securing Debt:** |
| Property will be (check one):<br>☐ Surrendered          ☐ Retained<br><br>If retaining the property, I intend to (check at least one):<br>   ☐ Redeem the property<br>   ☐ Reaffirm the debt<br>   ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is (check one):<br>   ☐ Claimed as Exempt                    ☐ Not claimed as exempt | |

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

B8 (Form 8) (12/08)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **November  8, 2013**                    Signature  **/s/ Christina M. Zizzo**

**Christina M. Zizzo**
Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re __Christina M. Zizzo__               Case No. _____

Debtor(s)           Chapter __7__

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ........................ $ _____ **0.00**

   Prior to the filing of this statement I have received _____ $ _____ **0.00**

   Balance Due ................................................ $ _____ **0.00**

2. $ __0.00__ of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor    ☒ Other (specify):    **Pro Bono Representation**

4. The source of compensation to be paid to me is:

   ☒ Debtor    ☐ Other (specify):

5. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **In accordance with the executed written attorney client retainer agreement between the parties certain legal services are excluded, including but not limited to representation of the debtor in: (1) any discharge-ability actions, (2) US trustee audits, (3) judicial lien avoidances, (4) relief from stay actions, (5) preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods, or (6) any adversary proceedings.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: __November  8, 2013__         **/s/ J. Kevin Benjamin, Esq.**

                                    **J. Kevin Benjamin, Esq.**
                                    **Benjamin Brand, LLP**
                                    **1016 W. Jackson Boulevard**
                                    **Chicago, IL 60607-2914**
                                    **(877) 800-3313  Fax: (877) 414-2071**

# BENJAMIN BRAND, LLP

08272013

### *ATTORNEY CLIENT RETAINER AGREEMENT REGARDING CHAPTER 7 BANKRUPTCY SERVICES*

This Agreement is executed in between Benjamin Brand, LLP, a Florida Limited Liability Partnership headquartered in Chicago, Illinois and authorized and qualified to transact business in Illinois and other various State and Federal Jurisdictions ("Firm" or "Attorney"), and the undersigned ("Client"), whether one or more parties individually or jointly, (and collectively the "Parties"). This agreement shall be deemed executed in the City of Chicago, County of Cook, State of Illinois and will be construed and governed under the laws of said jurisdiction and venue by agreement of the parties. Client has received a free consultation with no obligation to retain Attorney and the Parties agree that the consultation time is now part of the services that have been performed.

1. **Legal Representation and Venue.** Client retains Attorney, for the time period stated in this Agreement, to ensure Attorney's availability to represent Client in the filing of a petition for relief under Chapter 7 of the U.S. Bankruptcy Code ("USBC"), as amended and effective October 17, 2005, known as the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), and for no other services ("Bankruptcy Services").

   (A)  No petition for relief will be filed until Attorney determines the eligibility and qualification of Client under BAPCPA to file a Chapter 7 petition for relief at the time of the proposed filing, and all attorneys fees associated with are paid in full in good and cleared funds before the expiration of the payment term, including the filing fee, costs, due diligences expenses. Further, due diligence must be completed, requested current documents and current information received and updated, reviewed and approved by Attorney who must determine if its all in proper order including valid credit counseling certificates, that Client has complied with all its prerequisites, duties and obligations under this Agreement and Attorney satisfied of a good faith filing.

   (B)  This Agreement is not contingent upon the filing of a petition for relief. Client has no obligation to proceed to file a Chapter 7 bankruptcy petition. If Client decides not to proceed with the filing of the petition for any reason this Agreement shall be deemed concluded with all fees earned and will neither be refunded nor credited to any other legal services. When Attorney's services conclude, or upon conversion or dismissal of the Chapter 7 to another Chapter under the USBC, any unpaid fees and/or additional fees for post petition legal services, shall be due, owing and payable immediately upon said conversion or dismissal.

   (C)  Client's eligibility and qualifications to file under Chapter 7 of BAPCPA as of the date of this Agreement, does not mean client will qualify to file chapter 7 when the time to file arises. Client must be eligible and qualified to file Chapter 7 upon the date of the filing of the Chapter 7 petition for relief.

   (D)  Attorney's advice and analysis is based upon current, local, state, and federal laws. Attorney assumes no responsibility for any changes in any such laws should client delay the filing by not paying quickly, providing required information or documentation promptly, timely cooperation with Attorney, change in client's circumstances or otherwise (particularly if Client's current monthly income as defined by BAPCPA changes prior to filing), that may affect client's ability or eligibility to qualify for bankruptcy relief or to discharge their debts within a Chapter 7 bankruptcy, at the time of any proposed filing date.

   (E)  This Agreement is subject to Client qualifying to file Chapter 7 in the same U.S. District Court jurisdiction as defined by the USBC and rules, by permanently residing in, or maintaining the same domicile in which they are currently domiciled as of the date of this Agreement. In the event Venue changes before the filing of a petition for relief, for any reason, this agreement will conclude with all attorney fees being deemed earned.

   (F)  Attorneys is not obligated to undertake any representation or activity for Client, if in their sole professional judgment, is only brought in bad faith or violates or comes to violate any rule or code of professional ethics.

   (G)  Client authorizes Attorney, at their sole discretion, to hire other Attorneys to act in their behalf regarding attendance at 341 meetings, court appearances and/or bankruptcy hearings.

   (H)  Client has been advised to close or draw down any financial account at an entity to which Client owes or may owe money.

   (I)  Client must pay all taxes incurred after the date of filing, file all necessary tax returns, and maintain any required insurance.

   (J)  BAPCPA no longer allows for the restructuring or "Cram downs" of unsecured portions of residential mortgage liens.

2. **Client Representations of Good Faith and to Attorney.** Client attests and affirms they will (1) Not give Attorney any false or misleading information, will not omit any information from Attorney, and will always provide Attorney with complete and accurate information including full disclosure all financial information to Attorney; (2) Provide all requested documents, questionnaire(s) and information requested promptly and as requested by Attorney and prior to any petition for relief being filed; (3) At all times to be truthful to, and cooperate with Attorney, and keep Attorney informed of any developments, and current contact information; and (4) If Client should not act with absolute honesty and integrity then Attorney may either decline to represent the Clients or discontinue such representation immediately and without notice and Client agrees not to object to the Attorneys' declination, discontinuation of their services or motion to withdraw from this matter without any refund.

3. **Client's Obligations.** Attorney will prepare the bankruptcy filing and associated documents based upon information supplied by Client and Attorney will rely upon this information as being true, accurate, complete and correct. In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. Attorney may disclose to both spouses any facts disclosed by either spouse even if only one spouse is filing.

   A.  **Assets and Liabilities.** Client may not "choose" what creditors or assets to include and must disclose any ownership or interest in and prior ownership or interest in all assets, regardless of value, and must disclose ALL assets, ALL liabilities and ALL creditors, regardless of the amount and even if it does not show up on the consumer credit report or asset and lien search or Client thinks no one else knows about. This includes disclosing all bank and financial accounts to which Client is a signor regardless of Clients opinion that it is not Clients "account" or money. Client must include debts to friends, family members, "small" debts, as well as all debts on student loans, state or federal taxes, property taxes, unsecured or secured debts, co-signor debts, joint debts, overpayment of government benefits and any other liabilities.

   B.  **Creditors.** Client must provide Attorney with all current and FULL addresses of creditors. If a creditors address is incorrect, if a Creditor is omitted or if there are multiple addresses for a creditor and the wrong one is used that creditor will NOT be deemed to have proper notice of the case, will not be discharged, and Client will remaining liable for those debts. If Client is not certain if they are liable on a debt they must list it for notice purposes only. If Client disputes a debt it must be listed and Attorney must be advised so it can properly be disclosed as a disputed debt. If a creditor is not listed or is listed with an incorrect or improper address, the debt to such creditor may not be discharged. Any asset sold or account closed the previous 12 months must be disclosed to Attorney and listed on Petition.

   C.  **Documentation.** Client must provide current bank account information to include monthly statements as requested and online account balances as of the date of the signing of the bankruptcy petition to be filed. Financial information must be updated every month, thus Client may be required to provide certain documentation monthly or numerous times be it prior to filing or even after the filing of a petition.

 **Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the U.S. Bankruptcy Code for over 24 years. A Member of the National Association of Consumer Bankruptcy Attorneys** [Page - 1 of 5 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]


INITIALS

BENJAMIN BRAND, LLP

**4.    Excluded Matters.**    Attorney will NOT take any action outside of the Services described in this Agreement and specifically is not retained to represent Client in any adversary complaint or proceeding, 2004 exam, contested matter, any US trustee audit, any appeal, any other legal proceeding, or pending or future litigation of any type.  In the event Client desires to retain Attorney for any other legal services, or upon the expiration or termination of this agreement, a new and separate written retainer agreement specifying the representation would need to be executed between the parties and additional attorney fees and costs will be due in advance.  Clients are advised to attend all relevant court hearings unless advised otherwise in writing.

**5.    Conversion.**    If Client desires to convert a filed petition to another chapter of the USBC (i.e. Chapter 13 or individual Chapter 11), the parties shall execute a new and separate retainer agreement setting forth the terms of such representation and additional attorney fees will be incurred, with any compensation paid to date under this agreement considered earned and may not be applied or credited to representation in a Chapter 13 proceeding or any other matter.  Attorney shall be under no duty to prepare and file the necessary conversion until the new fee agreement has been signed and the agreed upon fees and associated costs paid.

**6.    Filing of a Petition under BAPCPA and USBK.**    Paying fees and costs alone, even with a signed petition does not mean a petition is filed.  A petition is "filed", and the protections of the automatic stay afforded Client, only upon the electronic filing in the appropriate district with a bankruptcy case number generated.  Unless a petition is filed Client will not be protected from any creditor actions or loss of property and assets.  Client is responsible to inform Attorney of any creditor actions or critical dates including foreclosure sale dates, and it is Clients responsibility to insure that their petition is filed BEFORE any creditor action occurs.  Notification of creditor actions or critical dates by Client to Attorney by itself is not enough.  No foreclosure actions or sale of any property, or any legal proceeding or creditor action(s), will be stopped until the petition is filed and an effective automatic stay imposed by the Court.

**7.    Automatic Stay.**    The bankruptcy automatic stay, which is not guaranteed in a Chapter 7, may only be temporary and brief, or not in existence at all in some circumstances (limitations exist if there is a prior bankruptcy filing or dismissal(s), a prior court order to that affect, or otherwise limited or not granted under certain provisions of BAPCPA.  If the automatic stay was in fact granted at the time of the filing of the petition for relief, a creditor may proceed with a foreclosure matter (or any other proceeding or activity) upon the filing of a *Motion for Relief from Stay* (and the Bankruptcy Judge granting such relief to the moving party), to which Attorney may have no legal basis to stop or object to, and Attorney will not object or contest any motion regarding modification of the stay regarding any real property, and will not attend the hearing (unless arrangements are made between Attorney and Client specifically).  Once Client receives a discharge and the bankruptcy case is administered and closed, the automatic stay will not be in affect and foreclosure proceedings may continue without further notice.

**8.    Avoidance of Judgment Liens on Client's Homestead.**    If Clients have been sued and a final judgment has been entered against Client and recorded, a lien on Client's homestead or other real properties may have attached.  A motion to avoid that lien(s) must be filed with the Court and an order obtained avoiding the judgment lien(s), or the lien will survive the bankruptcy, even with an associated unsecured debt being discharged.  The filing of the bankruptcy alone does not accomplish avoiding any lien on any property.  This service is outside the scope of this Agreement and requires a separate fee paid in advance.  Client must provide Attorney with a title search or copies of the liens and allow Attorney sufficient time to proceed, at Clients expense, BEFORE the case is closed.  Otherwise, Client will be charged additional legal fees and costs to reopen the case.

**9.    Past Discharges:**    Client represents that they have not received a discharge in a Chapter 7 bankruptcy in the past 8 years and that they have not received a discharge in a Chapter 13 bankruptcy where the filing date is within the past 6 years.  If the Client has received a discharge in bankruptcy Chapter 7 or Chapter 13 as just stated, then Client is stating they are claiming the following exception applies to them:  Exceptions exist where previous chapter 13 provided for 100% payment of allowed unsecured creditors; or plan provided for payment of at least 70% of such claims and was filed in good faith, and was the above debtor/client(s) best effort. Section 727(a)(9) U.S. Bankruptcy Code].

**10.    Tax Refunds.**    If Client's petition for relief is being filed at any time during which Client is due a tax refund from any taxing entity, Client understands the risk that a Chapter 7 Trustee may demand turnover or forfeit of the tax refund, or any pro-rated amount, thereof to be distributed to Client's unsecured creditors.  Client shall advise Attorney is this is applicable as Attorney may be able to exempt the refund for Client.

**11.    Income Test.**    Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, you are presumed to have abused the Bankruptcy System where your monthly household income exceeds the median family income of the District where you are qualified to file.  You may overcome this presumption by demonstrating "Special Circumstances" exist in the granting of a discharge.  You hereby agree to indemnify and hold harmless Attorney for payment of your bankruptcy trustee's costs incurred in furtherance of the dismissal or conversion of your bankruptcy.

**12.    Means Test Services.**    With respect to the "means test" provisions imposed by Section 707(b) of the Bankruptcy Code, Retainer fee charged in this case is based on the applicable four assumptions set forth below.  (a) The Debtor's debts are not primarily consumer debts and therefore the "means test" does not apply.  The parties assume that no issues concerning the "means test" will arise in this case. (b) The Debtor's current monthly income as defined by the Bankruptcy Code is below the median income.  The parties assume that no issues concerning the "means test" will arise in this case. (c) The Debtor's current monthly income as defined by the Bankruptcy Code is above the median income but the Debtor's expenses, as calculated under Section 707(b)(2)(A) are sufficient to rebut the presumption that the filing of a Chapter 7 case would be an abuse of the Bankruptcy laws.  The parties assume that no issues concerning the "means test" will arise in this case. (d) A presumption of Bankruptcy abuse does arise in this case, but the Client and the Attorney will attempt to rebut the presumption by demonstrating extraordinary circumstances pursuant to Section 707(b)(2)(B) of the Bankruptcy Code, if deemed appropriate by Attorney.  The Means Test results are subject to change due to changes in Clients situation, changes in laws, income, expenses, timing, IRS Standards, or other circumstances and Client agrees to hold Attorney harmless for any changes in the means test results due to any such changes that may occur prior to the client being ready, qualified and approved, to file a petition under the terms and conditions of this Agreement.  Clients must pass the means test at the time of the proposed filing of the petition or they may not be eligible to file Chapter 7.

**13.    Effects of Chapter 7 Filing on Client's Secured Property.**    Client has been advised that upon the filing of a Chapter 7 petition for relief, Client has three options with respect to secured property that *MUST* be performed within 45 days after the first meeting of creditors as to any personal property.  Client's failure to perform the stated intention(s) as to any personal property will allow the secured creditor to repossess the personal property (this does not apply to real property).

   A.    **Reaffirmation.**    If Client intends to maintain personal property that is secured (i.e. mobile home, vehicle, furniture or other property), a secured creditor may require that a Reaffirmation Agreement be executed, which in effect reinstates a Client's personal liability and obligation on the secured debt.  Client must be *current and stay current, pay on time and as agreed*, on any secured debt that Client wished to keep and must execute said agreement.  If Client is not current with payment(s), Client or Firm may attempt to negotiate a reaffirmation agreement that allows the client to catch up on the payments arrears.  However, there is no guarantee or requirement that a creditor allow this.  Client understands that if it is their intention to maintain the secured property, that it will be Client's responsibility, and NOT that of Attorney to make immediate payment arrangements with the secured creditor(s) or risk repossession or foreclosure of the collateral.  If Attorney negotiates any Reaffirmation Agreements, Client may be charged at the hourly rate of Attorney.  Client understands Creditors are not obligated to offer reaffirmation agreements and it is Client's responsibility to retain Attorney for reaffirmation agreement help and to follow up with Attorney regarding it.  Unless



**Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the U.S. Bankruptcy Code for over 24 years.  A Member of the National Association of Consumer Bankruptcy Attorneys** [Page - 2 of 5  THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]


INITIALS

client receives a reaffirmation agreement signed by BOTH creditor and Client and file stamped with the US Bankruptcy Court, it shall be presumed no reaffirmation agreement exists or was requested by client. Client should continue to make payments on any item's they desire to reaffirm and specifically obtain executed reaffirmation agreement or risk losing said items. Client agrees the Attorney has no obligation to execute any reaffirmation agreement at its sole discretion and reserves the right NOT to sign/execute any reaffirmation agreement on behalf of Client, including but not limited to, any reaffirmation agreements with unsecured creditors, or related to any mortgage/promissory note which it is understood Attorney will not execute under any circumstances. Clients may enter into reaffirmation agreements with creditors without Attorney's assistance or signature and the creditor will need to have it approved by the Court.

B.        **Redemption.**   Client may elect to redeem any personal property that is used for personal, family or household goods by paying the creditor the replacement value (if a consumer good) or liquidation value (if non-consumer good) of the collateral as of the date of filing. The redemption of personal property requires a separate motion and hearing, for which Attorney will charge Client additional fees and costs.

C.        **Surrender.**   If Client is not current or does not wish to continue to make monthly payments on a secured debt, Client may surrender the property back to the secured creditor and have the debt discharged. However, in case of a debt that has been co-signed by another party, Client understands that the co-signor/guarantor on the debt will nevertheless continue to be responsible for the entire contractual debt and may risk repossession/foreclosure of the collateral, even if the co-signor/guarantor is current with all payments upon the filing of the petition for relief.

**14.   Retainer.**   Client will pay Attorney a retainer in the total amount that is specified in this Agreement and prior to the filing of any petition for relief. The retainer is paid by Client to Attorney in order to ensure Attorney's availability and commitment during a specific time period or for a specific matter as is indicated in this Agreement. The type, definition and classification of each type of retainer are specifically defined in this Agreement. The retainer shall be paid from funds of Client. In the event a Client desires to have payments made to Attorney by third parties, and not funds of Client, Attorney must specifically be notified. The fact third parties may pay some or all of the Clients' bills do not excuse the tardy payment of any bill by the Clients. Client may not pay attorney fees or expense by credit card but may use a debit card.

**15.   Type of Retainer Fee ("Retainer" or "Fee").**   Client retains Attorney by a Pre-Filing/Pre-Petition General Retainer knows as a *CLASSIC RETAINER.* This type of retainer is non-cancelable, non-refundable, earned immediately upon receipt and becomes property of the Attorney when paid. Another important feature of a Classic Retainer is that the client retains no legal and no equitable interest in any payment after it is made to Attorney. This is not a security, flat fee or advanced fee retainer and Client expressly consents to this type of retainer as a condition of Attorney accepting representation. Client acknowledges Attorney is obligated to: (1) refuse any employment that would ever present a legal conflict of interest, limiting Attorney's potential for future clientele; (2) limit the number of new clients it accepts in order that it may perform the work with the highest amount of efficiency and not take every case; and (3) plan its workload so Attorney may perform all legal services necessary for Client under the subject matter of this Agreement. These obligations assure Client that Attorney is available to serve Clients to the best of its abilities and Client's interests, subject to the terms and conditions herein, thus Client is receiving further value and benefiting by securing Attorney's commitment of representation to ensure Attorney's availability to provide legal services related to the subject matter of this Agreement for the time period indicated in this Agreement.

A.        **No Advance Fee Retainer.**   Attorney will not undertake the representation of Client on an advanced fee retainer.

B.        **No Security Retainer.**   Attorney will not undertake the representation of Client on an security fee retainer. Ordinarily, Clients have the option to request that the retainer be considered a "security retainer" where Client continues to have an interest in the funds, but Clients recognize and agree that the Attorneys would not undertake the representation on that basis.

C.        **Reason for Classic Retainer.**   The reasons Attorney may decline to represent Clients on a flat fee retainer, advanced fee retainer or a Security Retainer include but are not limited to: (a) That Attorneys do not desire even potentially to compete with the creditors of the Debtor-Clients; (b) Attorney is not charging by the hour as the value of services is not determined by the hours or Attorneys "time" but rather Client is paying for Attorneys collective knowledge and expertise with the exact extrinsic value difficult to quantify; (c) the value of Attorney's pre-petition, pre-filing services are not always evident to Client and more time, effort and resources are expended upon representation of a Client pre-filing of the petition then almost all clients realize; (d) Attorney allows Client to refer creditors to Attorney and Attorney and Attorney's staff may be inundated by monthly or weekly calls of Clients creditors with Attorney expending resources in that regard; (e) Creditors may potentially stop contacting Client due to Attorneys representation leading Clients to think they have no liability or need to file and not understand the value of Attorneys representation; f) Attorney does not want to give the false impression that Client may make payments on the retainer at their leisure with Attorney locked into a quoted Classic Retainer or that Client may contact Attorney at any time in the distant future and feel they can "pay the balance due" and have Attorney obligated to file a petition on behalf of Client as Attorney will not; and (g) Attorney does not want to give the false impression that if the retainer is not paid in full and on time and a petition is not filed under the terms of this agreement, that Client reserves the option of having Attorney file a petition whenever Client may determine at some time in the future, because no such option exists.

D.        **No Escrow of Retainer.**   As the retainer is not a security retainer no payment will be placed into any Attorney Client Trust Fund or Escrow Account. Attorney will hold no funds on behalf of Client. All compensation and payments received by Attorney on the retainer will be placed into Attorney's general expense or operating type of account. Client has no interest in, or any legal or equitable claim, to any money forwarded or paid to Attorney by Client or on Client's behalf on the retainer.

E.        **No Refund Policy.**   Client maintains a contract right to the performance due from Attorney per this Agreement, but that does not give rise to any property right by Client in the Classic Retainer used to secure Attorney's services and it does not become property of the estate and is non refundable regardless of how, when or in what manner this matter may be concluded an this Agreement terminated.

F.        **Filing Fee.**   The retainer does not include the current $306.00 filing fee for a Chapter 7 or any costs, expenses or due diligence.

G.        **Accounting for Initial Pre-Petition Classic Retainer.**   Attorney is retained under a Classic retainer and not retained on an hourly basis under this Agreement. Therefore Client expressly waives any rights to any accounting or monthly billing of time by Attorney for any legal services included in the Retainer and Attorney will not be keeping records of time spent on this matter. No time sheet or accounting of time will be required or provided unless requested by the Bankruptcy Court while the case is pending before it. In the event of any fee dispute the hourly rates of Attorney, which are currently $425.00 per hour for attorney time and $125.00 for paraprofessional time billed in 6-minute minimum increments will be applicable. Post-Filing/Post-Petition the hourly rates will apply for any services not specified or included in this Agreement or for additional attorney services as specified in this Agreement.

H.        **Contingency Fees.**   Attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for any reason, including, but not limited to, a violation of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes, bankruptcy code violations, including recovery for actual damages, compensatory damages and/or punitive damage awards. In addition to the contingency fee Attorney has the right to seek additional attorneys fees to be paid by third parties at Attorney's discretion. In the event Attorney is awarded attorney fees to be paid by parties other then Client, be it by request


**Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the U.S. Bankruptcy Code for over 24 years. A Member of the National Association of Consumer Bankruptcy Attorneys** [Page - 3 of 5  THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]


INITIALS

BENJAMIN BRAND, LLP

of Attorney, a statutory award or any other reason, Attorney will retain 100% of any such award, in addition to the contingency fees as described herein or any other attorney fees it may be entitled to, including but not limited to legal fees granted by Statute or other.

**16.   Security Interest in Retainer.**   Client grants Attorney a security interest through an attorney's lien on such funds paid to Attorney to the extent of Attorneys fees and costs.

**17.   Client's Obligations to Pay Designated Costs, Fees, Expenses and Due Diligence.**   At Clients expense and in addition to the Retainer, Attorney is empowered to obtain information about Client's assets, credit, taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information you provide to us.  Such information may not be comprehensive or complete. It is obtained for background information and to aid Attorney's due diligence. Thus Client shall be obligated to pay for the following costs as incurred and in advance of filing including but not limited to: (a) Pre-filing consumer credit counseling, which is a prerequisite to filing for bankruptcy relief; (b) post-filing debtor education instructional course concerning personal financial management, which is a prerequisite to obtaining a discharge; (c) any consumer credit reports; (c) the costs of obtaining tax transcripts directly from the taxing authorities or from any third-party provider; (d) public record, asset, lien and investigative searches which could run several hundred dollars; (e) the cost of obtaining copies of judgments, deeds, deeds of trust, title certificates, court papers, county tax records, appraisals, (online appraisals, certified appraisals related to real estate or other assets), broker price opinions, auto valuations, car fax reports and other documents, if necessary; (f) prior court records from the PACER system; (g) any other records or statements not otherwise produced by Client; (h) administrative costs, i,e, postage, parking, local travel, messenger or other delivery services, limited to a flat fee of $100; (i) computer legal research; (j) anything Attorney deems appropriate; (k) cost of amended schedules or conversion to another chapter; (l) telecopying, photocopying and other reproduction costs; (m) filing fee; (n) monthly billing charges of a flat fee of $25.00; (o) outsourced petition preparation, online intake or documents collection services (p) merchant services charges; (q) Any fee related to any service notice providers, messenger fees, certified mail, registered mail, FedEx UPS or related overnight mail; (r) Attorney may also charge a Fee of $1.00 for each item noticed to each additional creditor as an expense for postage, copying and envelopes; (s) outsourced petition preparation; (t) document collection; and (u) third party due diligence review and verification.  Attorney may order multiple due diligence products at its discretion as due diligence may be done when retained, before filing or any time in between.  These costs and expenses are not part of Attorney's overhead.

**18.   Additional or Legal Services POST-PETITION/FILING.**   Legal services which are beyond those contemplated in the Retainer may be provided by the Attorney POST FILING at an additional Fee, including but not limited to, Representing Client in: (a) dischargeability proceedings, including those related to student loans, taxes, rule 2004 examinations or undue hardships; (b) motions to redeem or exempt personal property; (c) actions to enforce the discharge injunction; (c) adversary proceedings, contested matters, or matters related to the enforcement, extension, imposition or defense of the Automatic Stay; (d) motions related to the Client's claim of exempt property; (e) filing any amendments to the Schedules, assets, or creditors that were omitted from the documents filed with the Court; (f) filing motions to continue the 341 meeting of creditors or other motion work; (g) appearing for any continued 341 meeting of creditors; (h) filing of motions or adversary complaints to abandon property or lien strip if applicable; (i) motions to avoid non-purchase money liens on exempt household goods or Judgment liens that impair exempt property as any lien not avoided will survive the bankruptcy discharge; (j) court appearances; (k) assisting in carrying out the Debtor's Statement of Intentions; (l) monitoring an "asset case"; (m) re-opening your bankruptcy case for any reason including to submit post-filing proof of pre-discharge counseling (debtor education certificate and signed form B-23); or (n) issues that arise that are not specifically included in retainer fee.  For such additional services, you will be charged at Attorneys hourly rates as listed in this Agreement with a one hour minimum charge.

**19.   Discharge and Withdrawal.**   Client may discharge Attorney at any time upon proper notice with no refund due.  Attorney shall represent Client in all matters in related to this Agreement until this agreement terminates or expires, a filed case is closed or dismissed, the discharge is entered or until Attorney is relieved from such representation by order of the Court, if applicable, or withdraws under this Agreement.  The parties agree that just reasons for the Attorney to withdraw from representation of Client may include, but are not limited to (a) Any violation by or breach by client of the terms and conditions of this Agreement; (b) The failure of Client to comply with any of Client's obligations, representations or duties as provided for in this Agreement; (c) Client's failure to pay Attorney's bills as they become due; (d) If Client are husband and wife, their any separation, serious domestic dispute, or divorce of the parties; (e) Any irreconcilable conflict between Attorney and Client with respect to the case; (f) Any insulting or abusive language or actions by Client towards Attorney any member of Firm.  Upon cessation of Attorney's active involvement in any particular matter, even if Attorney continues to represent Client in other matters, Attorney will have no duty to inform Client of future developments, deadlines, changes in the law or anything else related to Client's former representation.

**20.   Statute of Limitations and Tolling.**   It is understood the filing of a petition in bankruptcy will "Toll" any statute if Limitations period, including but not limited to, any Internal Revenue Services, local, state and federal taxes, non-dischargeable debts, lawsuit deadlines, or collection periods, etc.

**21.   Disclaimer of Guarantee.**   (1) Nothing in this Agreement or any statements to Client will be construed as a promise or guarantee regarding the outcome of the Client's matter or chance for success and no guarantee as to specific results has been given to Client, with any express or implied comments about specific results or potential outcome of matters pertaining to Client are expressions of opinion only and do not create or imply a promise, warranty, representation, guarantee, as to a specific outcome on Clients matter; (2) Attorney has not made any promise or guarantee to "save" any real property of Client, that a cause of action against any creditor or lender exists or would result in any creditor or lender's agreement to change, modify, or restructure any loan terms or reduce any negative equity in real property, or that clients will be eligible and qualify for Chapter 7 now or in the future.

**22.   Dishonored Payments.**   Attorney will charge Client $50.00 on all dishonored checks/payments returned NSF, Insufficient Funds or Account Closed, Payment Stopped, Unauthorized, declined debit card payments, and the like.

**23.   Method of Communications.**   Attorney works with its clients by office or phone appointment ONLY set by the assigned Case manager who is Client's assigned contact for any reason.  Attorney cannot respond to repeated telephone inquiries, faxes, e-mails etc., about the status, progress or legal options in Clients case/petition.  Client must make an appointment through the case manager, whenever Client has questions and wishes to meet or speak with an attorney or representative of Attorney.  Neither the Attorney nor representatives of Attorney will respond to fax inquires, text messages, twitter, Facebook or any social media.  Attorney will communicate and notify Client of all hearings or requests by US Mail or e-mail and that Client must be mindful of reading all correspondences and e-mails from Attorney.  Attorney may not call client to remind them of any hearings, meetings, or court appearances.  Client authorizes Attorney to use its phone number, fax and/or email to voice broadcast and also contact Client.  This also serves as Clients authorization to "opt in" to any Attorney list to receive e-mail notices and solicitations, etc. until said time as Client opts out.

**24.   No Tax Advice.**   The Attorneys are **not** qualified tax advisors.  The Attorneys are not rendering any advice as to the taxable consequences of any matter pertaining to their representation of the Clients.  Whether or not the Attorneys do comment on any tax matter during the course of their representation as a matter of convenience or general discussion, the Clients will not rely on the Attorneys' tax comments and that the Clients is advised to seek all tax advice only from a qualified tax professional, certified public accountant or "tax lawyer" and not the Attorneys.  Client represents that Client has access to such qualified tax advice from professionals other than the Attorneys.



**Benjamin Brand, LLP** is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the U.S. Bankruptcy Code for over 24 years.  A Member of the National Association of Consumer Bankruptcy Attorneys [Page - 4 of 5  THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]


INITIALS

BENJAMIN BRAND, LLP

**25. Agreement Complete.** This instrument contains the terms and conditions constituting the entire Agreement between the parties and may not be modified except by a written agreement signed by all parties. There are no promises, terms, conditions or obligations applicable to Attorney's representation hereunder, except as expressly set forth in this Agreement. The terms hereof supersede any previous oral or written agreements or understandings between the parties with respect to Attorney's representation, with all previous understandings or agreements having been merged herein.

**26. File Ownership.** The file is the property of Attorney. Client may obtain a copy of the file copied by paying in advance the estimated costs, attorney time to copy, as well as any outstanding balance due. Client hereby authorize the secure destruction of your file 90 days after it is closed, and agree that Attorney shall have no liability for destroying any records, documents, or exhibits still in our possession at the end of five years. Attorney may keep an electronic copy of the file, which will serve an original.

**27. Penalty of Perjury.** CLIENT UNDERSTANDS THAT THE INFORMATION DISCLOSED IN THE PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMNET AND HEAVY FINES.

**28. Term of Pre-Filing Representation.** The Classic Retainer quoted ensures Attorney's availability to advise and consult with Client or to perform legal services related to the subject matter of this Agreement for a period of 6 months from the date of this Agreement, and must be paid in full before the expiration of the payment term, after which this Agreement terminates with no further notice or obligations due from any of the parties, unless a Chapter 7 petition is in fact filed. If the retainer fee is paid in full within the term and Client desires to have Attorney file a petition for Client, and assuming Client is qualified at the time to file, Client will have an additional 30 days to pay the filing fee and any costs or expenses due Attorney, and to provide Attorney with all requested documents in order for Attorney to file a petition for relief under Chapter 7 of BAPCPA for Client.

**29. Payment on Retainer.** If Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated. If payment terms are not adhered to, payments dishonored, payments stopped or reversed, or reversal then this Agreement shall immediately terminate without further notice to Client. In that event all previous receipts of compensation and costs will be considered earned and no further professional, legal or ethical responsibility will afforded to Client by Attorney.

**30. Effective Date.** Client hereby waives any potential conflicts of interest by signing this Agreement. The representation covered by this Agreement commences only upon the receipt by Attorney of a signed Agreement and payment of the Retainer in full or pursuant to an agreed upon payment plan. Without an agreed payment there is no consideration and no effective contractual, ethical, or legal responsibilities between the parties.

**31. Credit Counseling Course.** Clients are advised that before Attorney can file the petition they must provide firm a credit counseling certificate from an approved non profit budget and credit counseling agency (approve by U.S. Trustees office) dated within 180 days prior to filing a bankruptcy petition. This can be taken online or by telephone and Attorney can assist in instructing Client. Client is advised to take this course when the Petition is close to being filed to avoid having to retake this course which many have to be paid for again by Client.

**32. Post Filing Course.** Client must complete a **financial management "pre-discharge" course (debtor education course)** right after filing (and in addition to the credit counseling course) and obtain a certificate of completion along with a firm B-23 which they must sign acknowledging THEY completed the course and it is solely their responsibility to compete the course, SIGN the B-23 and get the SIGNED B-23 to Attorney so Attorney may file it with the clerk as it must be filed with the Clerks office on behalf of Client within 45 days of the ORIGINAL meeting of creditors (no extensions for continued meetings). If this is not done the Court may CLOSE the case WITHOUT discharge. Then to obtain a discharge Attorney my file a motion to re-open and be granted permission to file an executed B-23 and certificate (assuming clients have done it) and in this event the court currently charges $260 to re-open a file and their will be ADDITIONAL attorney fee charges determined by Attorney that must be paid in advance by clients in order to have Attorney file and present said motion. It is understood that Attorney will not file the executed B-23 for client until all fees and costs are paid and if there is any balance due Attorney will not file the B-23 and Client understands that will cause their file to be ultimately closed by the Court without a discharge entered and consent to this.

The Classic Retainer Agreed to under this Agreement is stated below and in accordance with the terms and conditions of this Agreement. The retainer quoted below is the Pre-Petition, Pre-Filing Retainer required before a case may qualify to be filed and post filing will be disclosed to the Court.

| | |
|---|---|
| $ PRO – BONO – No Legal Retainer | Classic Pre-Petition Retainer Fee due in full within the payment term per this Agreement before the filing a petition (not including filing fee, due diligence or other costs/expenses as stated in this Agreement) |

The undersigned individuals acknowledge to have read, reviewed, understand and received an exact completed copy of all Five pages of this Agreement and agree to be bound by all their terms and affirm that I/we are the person(s) requesting services of Attorney under this agreement.

In 2000, the U.S. Electronic Signatures in Global and National Commerce (ESIGN) Act established electronic records and signatures as legally binding, having the same legal effects as traditional paper documents and handwritten signatures. DocuSign warrants federal ESIGN Act compliance. DocuSign's advanced signature is legally admissible and enforceable in almost every civilized country in the world which has adopted an electronic signature law, and the vast majority recognize DocuSign's form of electronic signature as meeting the definition of a valid electronic signature. Any copy or reproduction of this Agreement shall have the same force and effect as an original.

DATED THIS 2nd DAY OF October, 2013

| CLIENT(S): | FIRM: **BENJAMIN BRAND, LLP, A debt Relief Agency** |
|---|---|
| Client: *Christina Zizzo* | FOR FIRM: /s/ J. Kevin Benjamin |
| Print:      Christina Zizzo | Print:  J. Kevin Benjamin |



**Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the U.S. Bankruptcy Code for over 24 years. A Member of the National Association of Consumer Bankruptcy Attorneys** [Page - 5 of 5  THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]



INITIALS

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Christina M. Zizzo**                                      Case No.
_____    Chapter    **7**
                                    Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Christina M. Zizzo**                            X  **/s/ Christina M. Zizzo**          **November  8, 2013**
Printed Name(s) of Debtor(s)                        Signature of Debtor                    Date

Case No. (if known) _____            X  _____
                                    Signature of Joint Debtor (if any)        Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re   __Christina M. Zizzo__                                    Case No. _____
                                        Debtor(s)        Chapter   __7__   _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ __25__

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   __November  8, 2013__                /s/ Christina M. Zizzo
                                        __Christina M. Zizzo__
                                        Signature of Debtor

Arnold Scott Harris, P.C.
111 West Jackson Boulevard
Suite 600
Chicago, IL 60604


Ballys Total Fitness
10201 S Cicero Avenue
Oak Lawn, IL 60453


Charter Fitness of Bridgeview
8751 S. Harlem Avenue
Bridgeview, IL 60455


Choice Recovery
1550 Old Henderson Rd St
Columbus, OH 43220


City of Chicago
Department of Revenue
PO Box 88292
Chicago, IL 60680-1292


City of Chicago Dept of Law
8212 Innovation Way
Chicago, IL 60682-0082


City of Chicago Dept of Revenue
Administration Hearings Collections
121 N. LaSalle Street, Suite 107A
Chicago, IL 60602


Clerk of the Circuit Cout
10220 S. 76th Avenue
Bridgeview, IL 60455


Comcast Cable
POB 3001
Southeastern, PA 19398-3001


Dependon Collection Se
Attn: Bankruptcy
Po Box 4833
Oak Brook, IL 60523

Harris & Harris, Ltd.
222 Merchandise Mart Plaza
Suite 1900
Chicago, IL 60654


John F. Kozal, D.D.S.
7336 West Archer Avenue
Summit Argo, IL 60501


LA Fitness
8812 South Cicero Avenue
Oak Lawn, IL 60453


Loyola University Health System
Loyola Outpatient Center
Maywood, IL 60153


Merchants Cr
223 W. Jackson Blvd.
Suite 400
Chicago, IL 60606


Mount Sinai Hospital
1500 S Fairfield Ave
Chicago, IL 60608


Mount Sinai Hospital
1500 S California Avenue
Chicago, IL 60608


Patricia Lang
6660 N. Octavia
Chicago, IL 60631


Revenue Enterprises LLC
3131 S Vaughn Way Ste 426
Aurora, CO 80014


Sprint Spectrum
115 N. La Grange Road
La Grange, IL 60525


Stanisccontr
914 14th St
Modesto, CA 95353

Stuart Allan & Associates, Inc.
5447 E. 5th Street
Suite 110
Tucson, AZ 85711


Talan & Ktsanes
223 West Jackson Boulevard
Chicago, IL 60606


United Collect Bur Inc
5620 Southwyck Blvd Ste
Toledo, OH 43614


Xsport Fitness
3940 S. Harlem Avenue
Lyons, IL 60534